(C.D. 3232)

New York Merchandise Co., Inc., et al. v. United States

United States Customs Court, First Division

(Decided December 20, 1967)

*Stein and Shostak* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before Watson and Beckworth, Judges

Beckworth, Judge: The merchandise involved in these cases consists of luggage imported from Japan and entered at the port of

Portland, Oregon, on various dates in 1964. It was assessed with duty at 40 per centum ad valorem under item 706.24 of the Tariff Schedules of the United States, and is claimed to be dutiable at 20 per centum ad valorem under item 706.60 of said tariff schedules.

These cases have been submitted on a stipulation of counsel for the respective parties reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as follows:

1. That the merchandise represented by the items marked "C" and initialled JPD by J. P. Dwyer on the invoices accompanying the entries covered by the protests enumerated in Schedule A annexed hereto and made a part hereof, assessed with duty at 40% ad valorem under Item 706.24 of the Tariff Schedules of the United States, and claimed properly dutiable at only 20% ad valorem under item 706.60 of said Tariff Schedules, consists of rubberized luggage which is:

(a) not of leather;
(b) not of unspun fibrous vegetable materials;
(c) not of textile materials;
(d) not of reinforced or laminated plastics.

2. That the merchandise represented by the items marked "D" and initialled JPD by J. P. Dwyer on the invoices accompanying the entires covered by the protests enumerated in Schedule A annexed hereto and made a part hereof, assessed with duty at 40% ad valorem under Item 706.24 of the Tariff Schedules of the United States, and claimed properly dutiable at only 20% ad valorem under Item 706.60 of said Tariff Schedules, consists of luggage which was imported before September 1, 1964 and which is in chief value of fabrics coated or filled or laminated with rubber or plastics.

3. That said protests are abandoned as to all other merchandise, except that marked "C", or "D".

4. That the merchandise covered by the entries enumerated in Schedule A annexed hereto was entered or withdrawn from warehouse after August 31, 1963, the effective date of the Tariff Schedules of the United States, and before December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89-241.

5. That said protests were filed on all of the entries enumerated in said Schedule A, under Section 514 of the Tariff Act of 1930, within 60 days after the dates of liquidation thereof, and that said protests were pending for decision by this Court on October 7, 1965, the date of enactment and/or on December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, Public Law 89-241, 89th Congress.

6. That within 120 days after the date of enactment of said Public Law 89-241, a request was filed with the Collector of Customs at the port of entry, for liquidation or reliquidation of each of the entries enumerated in Schedule A and for classification of said merchandise at 20% ad valorem under Item 706.60 of the Tariff Schedules of the

United States as amended by Sections 89(b) and 15(a) and 15(b) of said Public Law 89–241.

7. That the protests enumerated in the annexed Schedule of Cases may be submitted on this stipulation, the same being limited to the merchandise as aforesaid.

In view of this stipulation, which is accepted as an agreed statement of fact, we hold:

1. That the merchandise represented by the items marked with the letter "C" and with the initials of the examiner or commodity specialist on the invoices accompanying the entries covered by the protests enumerated in schedule "A," annexed hereto and made a part hereof, is properly dutiable at 20 per centum ad valorem under item 706.60 of the Tariff Schedules of the United States, as luggage of other materials than leather, unspun fibrous vegetable materials, textile materials, or reinforced or laminated plastics, and

2. That the merchandise represented by the items marked with the letter "D" and with the initials of the examiner or commodity specialist on the invoices accompanying the entries covered by the protests enumerated in schedule "A," annexed hereto and made a part hereof, is subject to duty by virtue of sections 15(a) and (b) and 89 of the Tariff Schedules Technical Amendments Act of 1965, at 20 per centum ad valorem under item 706.60, Tariff Schedules of the United States, as luggage in chief value of fabrics coated or filled, or laminated with rubber or plastics.

To that extent the protests are sustained. As to all other merchandise the protests, having been abandoned, are dismissed.

Judgment will be entered accordingly.